IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYLE WEBB, on behalf of himself and all those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION FILE NO. ) 1:13-cv-01353-WSD-RGV ) |
| JOHNSON & FREEDMAN, LLC | ) ) |
| Defendant. | ) ) ) |

## **PLAINTIFF'S UNOPPOSED MOTION FOR RELIEF FROM LOCAL RULE 23.1(B)**

### Introduction

Federal Rule of Civil Procedure 23 does not impose a specific time limitation to file a motion for class certification. Rather, it dictates that "[a]t an early practicable time after a person sues … as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Local Rule 23.1(B), however, provides that "[t]he plaintiff shall move within ninety (90) days after the complaint is filed for a determination under Fed. R. Civ. P. 23(c)(1) as to whether the suit may be maintained as a class action." LR 23.1 NDGa.

1

Plaintiff filed his complaint on April 24, 2013.  Dkt. 1.  Therefore, Plaintiff's motion for class certification is due on July 23, 2013.  In accord with the inherent power of any district court to control the disposition of the cases on its docket, this Court has discretion to grant Plaintiff relief from Local Rule 23.1(B).  Here, good cause for an extension exists because this case is still in its initial stages and pretrial discovery is just beginning.  Accordingly, Plaintiff moves this Court for relief from Local Rule 23.1(B).

## Procedural History

Plaintiff filed his original class action complaint on April 24, 2013.  Dkt. 1.  He served Defendant with the complaint on May 13, 2013.  Dkt. 3.  Defendant filed its answer on June 6, 2013.  Dkt. 4.  The parties have conducted their Rule 26(f) conference and filed their proposed discovery schedule with this Court on July 3, 2013.  Dkt. 9.  On July 8, 2013, this Court entered a scheduling order, setting the deadline to complete all discovery by October 31, 2013, among other deadlines.  Dkt. 10.  The scheduling order was not clear whether the parties' proposed deadline of December 4, 2013 to file a motion for class certification was adopted, and Plaintiff therefore files this motion out of an abundance of caution.

**Argument**

**I.     This Court has discretion to grant Plaintiff relief from Local Rule 23.1(B).**

Local Rule 23.1(B) requires Plaintiff to move for class certification within ninety days of filing his complaint, or by July 23, 2013.  *See* LR 23.1(B) NDGa.  This Court has discretion to permit class certification after the ninety-day period specified in the Local Rule.  *See, e.g.*, *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1239 n.12 (11th Cir. 2006) (noting that district court waived time restriction imposed by this Rule).

This Court's discretion to grant Plaintiff relief from Local Rule 23.1(B) is in accord with "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Circle Grp., L.L.C. v. Southeastern Carpenters Regional Council,* 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) ("A district court has broad discretion to control the pace of litigation and the course of discovery to ensure that cases move to a timely and orderly conclusion.") (citations omitted).

A district court has broad discretion in managing its docket.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see also Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393-94 (11th Cir. 2011) (district court has

3

"the power to control and direct the cases on its docket") (quotation omitted); *J.D. Pharm. Distributors, Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990) ("It is generally recognized that a trial court has wide discretion to control its docket….").

## II.     The absence of pretrial discovery constitutes good cause to grant Plaintiff relief from Local Rule 23.1(B).

Pretrial discovery is important in the context of class certification because "the federal rules do not . . . require or encourage premature certification determinations." *Weiss v. Regal Collections*, 385 F. 3d 337, 347 (3d Cir. 2004); *accord Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1475 (N.D. Ga. 1977) ("A motion for class certification prior to class discovery is premature.").

"[P]recedent . . . counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008). "[T]he Court should allow . . . the parties to conduct discovery and adduce evidence relevant to the class certification issue." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 688 (N.D. Ga. 2003) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992)).

Forcing a plaintiff to move for class certification prior to a defendant's service of meaningful discovery answers and responses is equivalent to forcing a plaintiff to file a motion for class certification simultaneously with the operative complaint. The propriety of a class action cannot be determined in some cases without discovery. *See Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that the propriety of a class action cannot be determined in some cases without discovery, and that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable."); *see, e.g.*, *Clark v. Sprint Spectrum L.P.* No. CV 10–9702 CAS (SSx), 2011 WL 835487, at *2 (C.D. Cal. Mar. 7, 2011) ("[T]he fact that discovery is in the early stages and the Rule 16 scheduling conference has not yet occurred weigh in favor of extending the L.R. 23-3 deadline.").

## Conclusion

Plaintiff respectfully requests that this Court grant him relief from Local Rule 23.1(B) and adopt December 4, 2013, or set, at a later date, a deadline by which Plaintiff must file his motion for class certification. Prior to filing this

motion, Plaintiff's counsel consulted with Defendant's counsel, and Defendant does not oppose the relief requested herein.

Dated:  July 9, 2013.

Respectfully submitted,

/s/ Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
Weisberg & Meyers, LLC
*Of Counsel*
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

/s/ Craig J. Ehrlich
Craig J. Ehrlich

## **CERTIFICATE OF SERVICE**

I certify that on July 9, 2013, I electronically filed Plaintiff's Motion for Relief from Local Rule 23.1(B) with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Johannes S. Kingma
Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E., Suite 3600
Atlanta, GA 30303
jkingma@carlockcopeland.com

/s/ Craig J. Ehrlich
Craig J. Ehrlich
